**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
karl@kr.law
Jeffrey M. Rosenfeld (Bar No. 222187)
jeff@kr.law
James Carlson (*pro hac vice* to come)
Jim@kr.law
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Plaintiff Iranian Americans
for Liberty Institute

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **IRANIAN AMERICANS FOR LIBERTY INSTITUTE,** a Delaware exempt corporation,<br><br>Plaintiff,<br><br>v.<br><br>**ALI EBRAHIMZADEH**, an individual, and **JOHN DOES 1–10**, unknown persons;<br><br>Defendants. | Case No. 2:22-cv-09240<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Case No. 2:22-cv-09240                                                                    **COMPLAINT**

Plaintiff, Iranian Americans for Liberty Institute, by and through its undersigned counsel, alleges as follows.

## INTRODUCTION

1. Plaintiff Iranian Americans for Liberty Institute ("Plaintiff" or "IAL") is a community of Iranian Americans who advocate for democracy, human rights accountability, and freedom of speech for Iranians living under the totalitarian regime of the Iranian government.

2. Defendant Ali Ebrahimzadeh ("Defendant") is a self-described Iranian American activist living in California.

3. On or about December 25, 2021, Defendant publicly accused IAL of supporting and acting on behalf of the Iranian government.

4. Specifically, Defendant publicly accused IAL and its members as serving as agents of the Iranian government, or as proxies of agents of the Iranian government.

5. On the same date, Defendant also publicly accused IAL of advocating for the free speech rights of the Iranian government and its senior leadership.

6. Defendant's statements are false because IAL and its members are neither agents of the Iranian government nor proxies of agents of the Iranian government.

7. Defendant's statements are also false because IAL does not support the Iranian government's right to freedom of speech, and IAL has never advocated for free speech rights of the Iranian government nor any of its senior leadership.

8. IAL was harmed and continues to be harmed by Defendant's defamatory statements, including in the form of economic damages.

//
//

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because the matter in controversy exceeds the sum and value of $75,000, exclusive of interest and costs, and is between citizens of different States. Specifically, pursuant to 28 U.S.C. §1332(c), Plaintiff is citizen of Delaware and the District of Columbia, the states where Plaintiff has been incorporated and the district where Plaintiff has its principal place of business, respectively. Defendant is a citizen of California.

10. This Court is a proper venue under 28 U.S.C. §1391 because Defendant resides in this judicial district and because a substantial part of the events that give rise to Plaintiff's claim occurred in this judicial district.

11. This Court has personal jurisdiction over Defendant because Defendant resides in California and, on information and belief, Defendant engaged in the misconduct described herein while in California.

## PARTIES

12. Plaintiff Iranian Americans for Liberty Institute is a Delaware exempt corporation with its principal office in Washington, DC.

13. Defendant Ali Ebrahimzadeh is an individual, who, on information and belief, resides in Los Angeles County, California.

14. Plaintiff does not know the true names and capacities, whether individual, associate, corporate, or otherwise, of Defendants sued herein as Does 1–10 inclusive, and Plaintiff therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to state the true names and capacities of Does 1–10 once they have been discovered. Plaintiff is informed and believes, and, on that basis, alleges that each Defendant sued herein by a fictitious name is in some way liable and responsible to Plaintiff based on the facts alleged herein.

//

# FACTUAL ALLEGATIONS

**A.  Plaintiff Iranian Americans for Liberty Institute**

15. IAL is a community of Iranian Americans who advocate for civil and human rights of the Iranian citizens living under the oppressive regime of the Iranian government.

16. IAL primarily focuses on nonpartisan education and advocacy to foster and identify viable methods to oppose the Iranian government.

**B.  Defendant Ali Ebrahimzadeh**

17. Defendant is a self-described Iranian American activist living in the United States.

18. Defendant previously maintained a Twitter profile located at twitter.com/aliebrahimzade_ ("Prior Twitter Profile").

19. Defendant's tweets on his Prior Twitter Profile were publicly viewable.

20. Twitter suspended Defendant's Prior Twitter Profile in or before October 2022.

21. On information and belief, before Twitter suspended Defendant's Prior Twitter Profile, the profile had approximately 11,700 followers.

22. After Twitter suspended Defendant's Prior Twitter Profile, Defendant created a new Twitter profile located at twitter.com/_aliebrahimzade ("Current Twitter Profile").

23. Defendant's Current Twitter Profile has over 15,000 followers.

24. Defendant is a founder and the Chief Executive Officer of the Normal Life Council ("NLC"), a California nonprofit corporation.

25. NLC is a self-described group of Iranian Americans forced to leave Iran due to the restrictive laws enforced by the Iranian government.

26. NLC's stated mission includes serving as the voice of Iranian Americans and increasing awareness of the Iranian government's "massive

1 propaganda machine within the United States."

2     27.    NLC competes with IAL for both media coverage and donations.

3     28.    To spread its message, NLC began a Twitter campaign called #NormalLife, in which Iranians tweet "snapshots of their normal lives" living in secular countries.

    29.    NLC claims the #NormalLife campaign is "one of the most popular trends across Persian Twitter."

    30.    Defendant regularly posted to his Prior Twitter Profile and continues to post to his Current Twitter Profile in furtherance of NLC's #NormalLife agenda.

**C.    Non-Party National Iranian American Council**

    31.    Non-party National Iranian American Council ("NIAC") is a nonprofit organization that describes its priorities as "building political power for the Iranian-American community to advance peace & diplomacy."

    32.    Despite its mission statement, NIAC has faced public accusations of supporting the Iranian government, including a call for Department of Justice investigations by three U.S. senators.

    33.    In 2009, the Washington Times reported:

> "Law enforcement experts who reviewed some of the documents, which were made available to The Times by the defendant in the suit, say e-mails between Mr. Parsi and Iran's ambassador to the United Nations at the time, Javad Zarif – and an internal review of the Lobbying Disclosure Act – offer evidence that the group has operated as an undeclared lobby and may be guilty of violating tax laws, the Foreign Agents Registration Act and lobbying disclosure laws."

    34.    IAL is not affiliated in any way with NIAC.

//

### D. Defendant's Defamatory Statements

35. On or about December 25, 2021, Defendant published the following publicly-viewable statements to his Prior Twitter Profile in the form of a Twitter post and subsequent exchange with third-party "Par-e Parvaz":

> **[Defendant]** "What NIAC did not have courage to do, was done by intelligence ruffians called Iranian Americans. Supporting the freedom of speech of Khamenei and Zarif in the United States."
>
> **[Par-e Parvaz]** "Iranians in America, which group do you mean? We have thousands of groups with this name
>
> **[Defendant]** "There is only one #intelligence_opposition
>
> Iranian Americans for Liberty
>
> @LibertyIranian
>
> STATEMENT: The Call for Censorship by the Big Tech Companies from Activist Journalists is Abhorrent and Must Be Opposed by All Freedom Loving Americans
>
> @AlinejadMasih @ChrisCoons@JohnAvlon
>
> https://iranianamericansforliberty.org/pages/statements"

A certified translation of Defendant's above-referenced tweets is attached hereto as Exhibit A ("Tweet No. 1").

36. Defendant tagged IAL's official Twitter profile in Tweet No. 1.

37. Tweet No. 1's reference to "Khamenei and Zarif," signified Sayyid Ali Hosseini Khamenei and Mohammad Javad Zarif, who are senior members of the Iranian government.

38. On or about December 25, 2021, Defendant published the following publicly-viewable statements to his Prior Twitter Profile in the form of a Twitter post and subsequent exchange with third-party "Hasti":

> **[Defendant]** "What NIAC did not have courage to do, was done by intelligence ruffians called Iranian Americans. Supporting the

freedom of speech of Khamenei and Zarif in the United States."

**[Hasti]** "These ruffians are the most dangerous for Iran and Iranians. Poor us, Iranians, have to fight with these enemies except Mullahs"

**[Defendant]** "Leave these exported agents to us"

**[Hasti]** "Well done, Iranians are really alone"

A certified translation of Defendant's above-referenced tweets is attached hereto as Exhibit B ("Tweet No. 3").

39. Defendant's statements within Tweet No. 1 and Tweet No. 3 are referred to herein as, the "Statement(s)."

40. The Statements contain false assertions of fact.

41. Contrary to the Statements, IAL has not supported the freedom of speech of Sayyid Ali Hosseini Khamenei and Mohammad Javad Zarif in the United States.

42. Contrary to the Statements, neither IAL nor its members are "exported agents" of the Iranian government.

43. Contrary to the Statements neither IAL nor its members are proxies of the Iranian government.

44. Contrary to the Statements, IAL did not engage in conduct or speech that provided or communicated more support to the Iranian government than the conduct or speech of NIAC, which has been openly accused of lobbying for Iranian interests by U.S. senators and the Washington Times.

45. On information and belief, numerous people viewed Defendant's Statements, and as indicated above, at least two people publicly commented on Defendant's Statements.

46. On information and belief, Defendant knew that his Statements were false when he made them because Defendant knew: a) that IAL did not

support the free speech of Sayyid Ali Hosseini Khamenei and Mohammad Javad Zarif in the United States, b) that neither IAL nor its members were agents or proxies of the Iranian government, and c) that IAL had not engaged in speech or conduct that provided greater support to the Iranian regime than the speech or conduct of NIAC. On information and belief, Defendant fabricated the Statements from whole cloth as part of a vendetta against a competing Iranian-American pro-democracy organization.

47. In the alternative to the preceding paragraph, Defendant acted in reckless disregard to the falsity of the Statements where conspicuous materials published by IAL, including on the webpage cited by Defendant, demonstrated that a) that IAL did not support the free speech of Sayyid Ali Hosseini Khamenei and Mohammad Javad Zarif in the United States, b) that neither IAL nor its members were agents or proxies of the Iranian government, and c) that IAL had not engaged in speech or conduct that reflected greater support for the Iranian regime than the speech or conduct of NIAC. On information and belief, Defendant further acted in reckless disregard of the falsity of his Statements when he published them because Defendant had no credible evidence supporting his Statements or undermining IAL's materials that contradicted Defendant's Statements.

48. IAL has been harmed by Defendant's Statements, including loss of reputation among the Iranian American community and other activist groups that oppose the Iranian government.

49. IAL has also been economically harmed by Defendant's Statements because, on information and belief, IAL has been actively excluded by the Persian-speaking media, which is essential to IAL's advocacy work. As a result of Defendant's Statements, IAL's ability to disseminate its pro-democracy message has been weakened, and correspondingly, its ability to raise funds.

50. IAL has also been economically harmed by Defendant's Statements because, on information and belief, IAL has lost business and professional opportunities, including conference speakerships.

## FIRST CLAIM FOR RELIEF

## (Defamation under California Law)

51. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs.

52. Defendant published the Statements to his publicly-viewable Prior Twitter Profile.

53. On information and belief, numerous people viewed the Statements on Defendant's Prior Twitter Profile.

54. The Statements contain false assertions of fact including: a) that IAL supports the freedom of speech of Sayyid Ali Hosseini Khamenei and Mohammad Javad Zarif in the United States, b) that IAL and/or its members are agents or proxies of the Iranian government, and c) that IAL had engaged in speech or conduct that reflected greater support for the Iranian regime than the speech or conduct of NIAC.

55. Contrary to the Statements, IAL has never supported the freedom of speech of Sayyid Ali Hosseini Khamenei and Mohammad Javad Zarif in the United States.

56. Contrary to the Statements, neither IAL nor its members are agents or proxies of the Iranian government.

57. Contrary to the Statements, IAL has never engaged in conduct or speech that reflected greater support for the Iranian government than the conduct or speech of NIAC.

58. Defendant acted with actual malice when he published the Statements. Specifically, on information and belief, Defendant knew that his Statements were false when he made them because Defendant knew the

true state of affairs relating to IAL and he fabricated the Statements to harm IAL.

59. In the alternative, Defendant acted recklessly regarding the falsity of his Statements where the Statements alleged that IAL engaged in serious misconduct, where Defendant had no credible evidence supporting his Statements, and where Defendant knew that IAL's well-documented history of opposing the Iranian government contradicted his Statements.

60. Defendant acted without any privilege when he published the Statements.

61. On information and belief, Defendant published the defamatory Statements willfully and maliciously with the intent to harm IAL.

62. IAL has been harmed by Defendant's Statements, including loss of reputation among the Iranian American community and among other activist groups that oppose the Iranian government.

63. IAL has been economically harmed by Defendant's Statements because, on information and belief, IAL has been actively excluded by the Persian-speaking media, which is essential to IAL's advocacy work with Persian-speaking communities.

64. IAL has been further economically harmed by Defendant's Statements because, on information and belief, IAL has lost business and professional opportunities, including conference speakerships, because of Defendant's Statements.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Iranian Americans for Liberty Institute respectfully requests that the Court enter judgment in its favor and against Defendants Ali Ebrahimzadeh and John Does 1–10 and award the following relief to Plaintiff and against Defendants:

1. An award of damages to Plaintiff and against Defendant in an

amount to be proved at trial, comprising the following:

    a.    Compensatory damages under California law, including California Civil Code section 3281;

    b.    Punitive damages pursuant to California Civil Code section 3294;

    c.    Plaintiff's costs of suit;

    d.    Pre-judgment interest to the extent allowed by law; and

2. Such other and additional relief as the Court deems just and proper.

Respectfully Submitted,

DATED: December 20, 2022     **KRONENBERGER ROSENFELD, LLP**

By:    s/ Karl S. Kronenberger
       Karl S. Kronenberger

Attorneys for Plaintiff Iranian Americans for Liberty Institute

**JURY TRIAL DEMANDED**

Plaintiff Iranian Americans for Liberty Institute hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

DATED: December 20, 2022     **KRONENBERGER ROSENFELD, LLP**

By: _____s/ Karl S. Kronenberger_____
         Karl S. Kronenberger

Attorneys for Plaintiff Iranian Americans for Liberty Institute